UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT ROLAND WHOIE,<br><br>             Petitioner,<br><br>       v.<br><br>WARDEN,<br>Butner Federal Medical Center,<br><br>             Respondent. | Civil Action 12-699  (RC) |

MEMORANDUM OPINION

In December 2010, the Superior Court of the District of Columbia sentenced Robert Roland Whoie to thirty-six months of imprisonment for possessing a firearm as a convicted felon, in violation of D.C. Code § 22-4503.  Pet. ¶¶ 2–4.  He is serving that sentence at a federal facility in Butner, North Carolina.  *Id*. ¶ 1.  In December 2011, Mr. Whoie petitioned the United States District Court for the Eastern District of North Carolina for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his arrest was not supported by either a warrant or probable cause.  *Id*. ¶ 9.  That court transferred the petition to this district.  Because D.C. Code § 23-110(g) divests the federal courts of jurisdiction over Mr. Whoie's petition, the court will dismiss his case.

"Congress enacted § 23-110(g) as part of the District of Columbia Court Reform and Criminal Procedure Act of 1970, [Pub. L. No. 91-358, § 210,] 84 Stat. 608; that Act created [the current] local court system and transferred in its entirety the Federal District Court's responsibility for processing local litigation to the Superior Court of the District of Columbia." *Swain v. Pressley*, 430 U.S. 372, 375 (1977).  "In the course of creating this new dual [court]

system, [Congress] established a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998); *accord Swain*, 430 U.S. at 375.  The section 23-110 remedy was designed "to vest the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that court." *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009).

"Section 23-110(a) authorizes a 'prisoner in custody under sentence of the Superior Court' to 'move the court to vacate, set aside, or correct the sentence.'" *Id.* at 998 (quoting D.C. CODE § 23-110(a)).  Section 23-110(g) provides that "to the extent that this remedy [is] available, it [is] an exclusive one:

> 'An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section [§ 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.'"

*Blair-Bey*, 151 F.3d at 1042 (quoting D.C. CODE § 23-110(g) (last alteration in original)).  This provision "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective.'" *Id.*  In sum, "a prisoner under a sentence imposed by the Superior Court . . . of the District of Columbia may collaterally challenge the constitutionality of his conviction by moving in that court for vacatur of his sentence," but that "prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" *Garris v. Lindsay*, 794 F.2d 722, 725, 726 (D.C. Cir. 1986) (per curiam) (quoting D.C. CODE § 23-110(g)).

"Because section 23-110(g) only bars [the federal courts] from hearing those claims that could have been raised through section 23-110," *Blair-Bey*, 151 F.3d at 1043, the D.C. Circuit has "recognized some exceptions" to that section's elimination of federal habeas corpus jurisdiction, *Williams*, 586 F.3d at 1000.  Section 23-110(a) does not authorize a motion challenging a denial of parole, *Blair-Bey*, 151 F.3d at 1043, or a transfer between penitentiaries, *Neal v. Director*, 684 F.2d 17, 19 (D.C. Cir. 1982) (per curiam), or the effectiveness of appellate counsel, *Williams*, 586 F.3d at 1000, and so section 23-110(g) does not bar a federal habeas petition brought on those grounds.  Because a prisoner cannot bring such challenges under section 23-110(a), he can bring them in federal court.  But this petition falls squarely within the scope of section 23-110(a).[1]  Mr. Whoie seeks to argue that his "sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia," D.C. CODE § 23-110(a)(1), and must therefore do so in Superior Court.  This court will dismiss his petition for lack of jurisdiction.

Rudolph Contreras  
United States District Judge

Date: July 25, 2012

---

[1] The Supreme Court has suggested that the section 23-110 remedy, though available, might be inadequate or ineffective "in a case presenting issues of extraordinary public concern," because "the character of the judge's tenure might be relevant" in such a case, *Swain*, 430 U.S. at 383 n.20, and "the judges who administer [the section 23-110 remedy] do not have the tenure and salary protection afforded by Art. III of the Constitution," *id.* at 382.  But this case, like *Swain*, presents no such extraordinary issues.